UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>v.<br><br>ROBIN LEE CROSKREY,<br><br>  Defendant. | Case No. 2:22-cr-00047-DCN-2<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court are various documents filed by the Defendant, Robin Croskrey, related to her rehabilitative efforts in prison. Dkts. 83, 84, 85. The Government has not responded to any of Croskrey's filings.[1]

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[2] Upon review, and for the reasons set forth below, the Court DENIES Croskrey's Motions.

---

[1] The Court is not implying the Government should have responded. Typically, the Court will set a briefing schedule if feels a response from the Government would be helpful. As explained below, because Croskrey's claims do not rise to the level of extraordinary and compelling, the Court determined a response was unnecessary.

[2] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

## II. BACKGROUND

On March 15, 2022, a federal grand jury charged Croskrey with Possession with Intent to Distribute Methamphetamine. Dkt. 1. Croskrey eventually plead guilty (Dkt. 41), and the Court sentenced her to 121 months incarceration with five years of supervised release to follow (Dkt. 54). Croskrey is currently incarcerated at the federal correctional institution in Lexington, Kentucky ("FMC Lexington") and has an anticipated release date of September 29, 2029.

On March 20, 2025, Croskrey filed a Motion to Reduce Sentence with the Court. Dkt. 83. Using a fillable form, Croskrey explains she has participated in over 30 programs while incarcerated, including courses about employment, business management, faith, family, and finances. *See generally* Dkt. 83-2. Croskrey also completed the Bureau of Prison's Residential Drug Abuse Program ("RDAP").

On April 4, 2025, Croskrey filed a Motion for Reconsideration. Dkt. 84. This motion—again, a fillable form—appears to ask that the Court "reconsider" its prior sentence. As before, Croskrey bases her request for such reconsideration on her rehabilitative efforts. Additionally, Croskrey included a one-paragraph hand-written supplement noting that, although she completed the RDAP program, BOP has not given her any credit off her sentence because her crime involved a firearm. Dkt. 84, at 3.

On April 29, 2025, Croskrey filed a letter with the Court asking what she needed to do in order for the Court to rule favorably on her motion for a sentence reduction. Dkt. 85.

As noted, the Court did not request any response from the Government, and none were filed. The matters are ripe for review.

## III. LEGAL STANDARD

While the filings here are scattered and reference different statutes and legal standards, the substance of all Croskrey's filings centers around compassionate release based upon her rehabilitative efforts while incarcerated. Thus, the Court will review her filings under that standard.

Croskrey seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[3] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental

---

[3] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See, e.g., United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling

MEMORANDUM DECISION AND ORDER - 4

reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Nowhere in any of her recent filings does Croskrey mention petitioning the Warden at FMC Lexington for release. This is a procedural bar to her current claims and warrants dismissal. However, even assuming Croskrey had properly exhausted her administrative remedies, the Court cannot grant her request.

### B. Extraordinary and Compelling Reasons

Croskrey contends her rehabilitation efforts while in prison are extraordinary and compelling. As part of her current motion, Croskrey included various documents showing the courses she has completed while incarcerated. *See* Dkt. 83-2, at 1–3.

While commendable, these efforts cannot justify compassionate release. The Sentencing Commission's applicable policy statement clearly outlines that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to grant early release. U.S.S.G. § 1B1.13 cmt. n.3 (citing 28 U.S.C. § 994(t)). While courts have occasionally granted early release based upon a successful showing of rehabilitation when

MEMORANDUM DECISION AND ORDER - 5

combined with other factors, the evidence of rehabilitation itself must rise to the level of "extraordinary and compelling."[4]

Croskrey has not submitted that type of compelling evidence here. To be sure, the Court appreciates and applauds Croskrey's efforts and encourages her to continue improving and preparing for life after incarceration. But rehabilitation, standing alone, does not warrant relief. For this reason, Croskrey has not met her burden.

The Court must also touch briefly on Croskrey's comments about RDAP. The BOP has the sole discretion concerning what incentive—if any—a federal inmate receives for completing the RDAP program. *See* 18 U.S.C. § 3621(e)(2)(B). And while the BOP typically grants a reduction of one year for a defendant's successful completion of the RDAP program, certain criteria must be met. Importantly, a person convicted of a crime "that involved the carrying, possession, or use of a firearm" is not eligible for a reduction in sentence. 28 C.F.R. § 550.55(b)(5)(ii).

Thus, while Croskrey may have qualified for the program itself, that does not mean she automatically qualified for a reduction in her sentence. That decision is left to the BOP. *See Lopez v. Davis*, 531 U.S. 230, 231 (2001) ("[T]he regulation [regarding carrying, possession, or use of a firearm] is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)"). For these reasons, the Court will not alter or amend

---

[4] For example, in *United States v. Rodriguez*, that court found the evidence submitted in support of the defendant's rehabilitation efforts was "nothing short of remarkable." 492 F. Supp. 3d 306, 311 (S.D.N.Y. 2020). The defendant submitted a collection of letters from friends, family, fellow inmates, and, most importantly, from 27-prison staff members attesting to his exemplary work ethic, kindness, and overall attitude that had remained consistent over the course of a 20-year sentence. The court there felt the overwhelming evidence the defendant provided regarding his rehabilitation, *combined with* the defendant's health risks and COVID-19 conditions, were compelling enough to grant early release. *Id.*

MEMORANDUM DECISION AND ORDER - 6

Croskrey's sentence based upon her successful completion of the RDAP program—although the Court is pleased she completed the program, as it will help her maintain sobriety and successfully reintegrate into society.

In conclusion, while Croskrey's efforts are laudable and have been for her betterment, they cannot justify early release at this time.

### C. Applicable Policy Statements.

Finally, the Court addresses whether granting Croskrey's request for compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a).

Croskrey does not have an extensive criminal history. That said, as part of the instant offense, Croskrey was caught with 300 fentanyl pills, almost 700 grams of methamphetamine, and three firearms.

Again, the Court appreciates that Croskrey appears to have made efforts to turn her life around and not engage in this type of behavior in the future. But the seriousness of her crime lends support to the idea that the public is best protected by her continued incarceration at this time. A reduction would not be consistent with the § 3553(a) factors.

## V. CONCLUSION

Croskrey did not exhaust her administrative remedies as required. This alone warrants dismissal. Substantively, rehabilitation alone does not qualify as an extraordinary and compelling reason justifying early release. Finally, a reduction in sentence at this stage would not be consistent with the goals of 18 U.S.C. § 3553(a).

Weighing all relevant factors, the Court will not depart from its prior sentence and

Croskrey's sentence based upon her successful completion of the RDAP program—although the Court is pleased she completed the program, as it will help her maintain sobriety and successfully reintegrate into society.

In conclusion, while Croskrey's efforts are laudable and have been for her betterment, they cannot justify early release at this time.

### C. Applicable Policy Statements.

Finally, the Court addresses whether granting Croskrey's request for compassionate release would be consistent with applicable policy statements issued by the U.S. Sentencing Commission, as contained in 18 U.S.C. § 3553(a).

Croskrey does not have an extensive criminal history. That said, as part of the instant offense, Croskrey was caught with 300 fentanyl pills, almost 700 grams of methamphetamine, and three firearms.

Again, the Court appreciates that Croskrey appears to have made efforts to turn her life around and not engage in this type of behavior in the future. But the seriousness of her crime lends support to the idea that the public is best protected by her continued incarceration at this time. A reduction would not be consistent with the § 3553(a) factors.

## V. CONCLUSION

Croskrey did not exhaust her administrative remedies as required. This alone warrants dismissal. Substantively, rehabilitation alone does not qualify as an extraordinary and compelling reason justifying early release. Finally, a reduction in sentence at this stage would not be consistent with the goals of 18 U.S.C. § 3553(a).

Weighing all relevant factors, the Court will not depart from its prior sentence and

release Croskrey at this time. The Motion is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Croskrey's Motion to Reduce Sentence (Dkt. 83) is DENIED.

2. Croskrey's Motion for Reconsideration (Dkt. 84) is DENIED.

DATED: July 1, 2025

_____
David C. Nye
Chief U.S. District Court Judge